6/22/26

1983 Civil Rights Action Application

Claims: Indemnification, Monell, conspiracy to deprive of constitutional rights deliberate indifference, intentional/negligent infliction of emotional Distress

Defendants: US Marshalls Service, Lieutenant (unknown) Cobb, Sergeant (unknown) Farris, Grady County Criminal Justice Authority (Grady County Detention Center)

* defendants Sued in official capacity

Statement of Claims: Transported from Metropolitan Detention Center - Los Angeles on 6/18/26 (Interlocutory interest of 2:26-cv-05718-FWS-SP, filed in Central District of California) to Grady County Criminal Justice Authority, subjected to illegal detention (false imprisonment) due to administrative law matter. US District Court and US Marshall Service lacking authority or jurisdiction to enforce order or detain after maximum completion of sentence / 46 months incarceration, under 922(g)(1), 924(a)(2)) TOTAL of 51 months completed under US District Court Authority/jurisdiction or order (please see 28 USC § 2241 filed on 6/19/26, in West District of Oklahoma) Be advised, the foregoing matter is an administrative law matter and the US District Court is now lacking jurisdiction to impose any further sanction or sentence after maximum completion of sentence of 46 months incarceration under statute, in federal custody and/or detention pursuant to court order of US District Court. Requested via several electronic requests conference with Sergeant Farris for resolve of issues (was told to contact attorney) after specifically requesting "detention assessment" pursuant to premise of 28 USC § 2241 filing of 6/19/26 in West District of Oklahoma.

Also please be advised that on 6/22/26 hair clippers [wahl] were delivered to the housing unit/pod, issued to detainees without disinfectant, barbercide, or germicide for sanitization purposes, placing detainees at increased risk for exposure to infectious diseases and blood borne pathogens. Detainees also were issued razors wherein detainee cut himself and

FILED
JUN 2 6 2026
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____, DEPUTY

bleed at the door by the foodport where are trays are passed out. and sit on the floor after finished eating and proper procedure to clean such with bleach or concentrated disinfectants for such incidents was not done, outside of standard operating procedures policy or protocol for a federally funded, federal detention center as Grady County Detention Center (GCCJA) Also since arrival of 6/18/26 there has not been adequate cleaning solutions or disinfectants made available for sanitization purposes in large open bay style or common area dormitory housed in. Also no pallatable drinking water made available (for almost 30 detainees in pod) Also according to "inmates rights" per handbook guideline info issued upon arrival "Disciplinary Due process" is one of the rights to be afforded detainees but deprivation of this right is premise of current illegal detention, perpetuated by defendants in this instant filing.

See exhibit A, attached document, and electronic institutional requests, for offer of proof)

PLRA 42 §1997e / 28 USC § 2241 (authorities relied upon)

The FBOP has failed to provide remedy through BOP Administrative Remedy Program from 5/6/26 – 6/18/26

"Administrative procedures exist within the BOP to review the Bureau's Failure to credit time served, should such a failure occur" US v. Pardue 363 F.3d 695, 699 (8th cir 2004)

The conspiracy to deprive of constitutional rights by FBOP (see civil action 2:26-CV-5718-FWS-SP) is promulgated through co-conspirator US Marshall service and negligence per se and negligent supervision applies, intentional actions to pass off liability as excusable negligence to contracted parties such as Grady County Criminal Justice Authority.    TAMOND Thomas 6/22/26