**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **TAMOND THOMAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No. CIV-26-1594-HE** |
| | ) |
| **UNITED STATES** | ) |
| **MARSHALS SERVICE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Tamond Thomas, a federal prisoner proceeding pro se, brings this action

to allege violations of his civil rights.  United States District Judge Joe Heaton referred this

matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-

(C).  For the reasons set forth below, the undersigned recommends that the Court dismiss

the action without prejudice.

## I.   Background

On July 8, 2026, the Court explained to Plaintiff that he needed to cure various

deficiencies in his initiating documents.  Doc. 8.  Specifically:

1. The Court informed Plaintiff that he must either pay a filing fee of $405.00 or seek leave to proceed in forma pauperis, and ordered Plaintiff either to pay the filing fee or to file an application to proceed in forma pauperis.

2. The Court informed Plaintiff that his Complaint, Doc. 1, together with his additional filings, Docs. 5-7, did not provide proper notice to the named defendants or otherwise comply with Federal Rule of Civil Procedure 8, and ordered Plaintiff to file an amended complaint.

Doc. 8 at 1-4.

The Court ordered Plaintiff to cure the deficiencies not later than July 29, 2026, and warned that failure to do so may result in dismissal of this action. *Id.* at 4. Staff notes on the Court's ECF docket indicate the Clerk of Court mailed the Order and the appropriate forms to Plaintiff at his last known address. A review of the case docket indicates that, as of this date, Plaintiff has failed to comply with the Order, as he has not (1) either paid the filing fee or filed an application to proceed in forma pauperis, or (2) filed an amended complaint. Nor has he attempted to show good cause for his failure to comply or requested an extension of time in which to comply.

The docket further reflects that the Postmaster has returned the Order and other documents back to the Court as undeliverable. Docs. 9-10. A review of the docket reveals that, as of this date, Plaintiff has not notified the Court of a new address. Plaintiff is responsible for notifying the Court of any change of address, LCvR5.4(a), and "papers sent by the court will be deemed delivered if sent to the last known address given to the court." *Id.* (citation modified); *accord* Fed. R. Civ. P. 5(b)(2)(C); *see also Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) ("The parties . . . bear the burden of filing notice of a change of address [and] [t]he fact that [plaintiff] is acting pro se does not eliminate this burden.").

## II.    <u>Failure to Comply with Orders and Rules</u>

A court has the inherent authority to manage its own affairs and may dismiss an action if the plaintiff "fails to prosecute or to comply with [the rules of civil procedure] or a court order," Fed. R. Civ. P. 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (interpreting Rule 41(b) to permit courts to dismiss actions sua sponte). A litigant's

2

failure to comply with court orders leaves a court unable "to achieve the orderly and expeditious disposition of cases." *Id.* And Plaintiff's pro se status does not exempt him from "follow[ing] the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citation modified).

Plaintiff failed to comply with the Court's Order and rules, as well as the Federal Rules of Civil Procedure. These failures, combined with the Court's inherent power to manage judicial resources, warrant dismissal of this action without prejudice. *See U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("Dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." (citation modified)).

## III.    Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS the action without prejudice**. Plaintiff is advised of his right to object to this Report and Recommendation.[1]  *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of

---

[1] Plaintiff's Complaint indicates that, at the time of filing, he was held in the Grady County Detention Center. The Clerk of Court maintains a database with standard mailing addresses for each jail or prison. The standard mailing address is entered on the docket as the prisoner's address, even if the prisoner lists a different address for the custodial facility. As such, the Order was mailed to Plaintiff using the standard mailing address for the Grady County Detention Center (215 N. 3rd Street, Chickasha, OK 73018). However, the envelope Plaintiff used to submit his Complaint shows a return address of P.O. Box 1498, Chickasha, OK 73023, which appears to be an alternate address for inmate mail at the Grady County Detention Center. *Compare* https://gradycosheriff.com/inmate-search, *with* https://gccja.com/inmate-services. In an abundance of caution to ensure Plaintiff is given the opportunity to object, the Clerk of Court is instructed to mail this Report and Recommendation to Plaintiff at both addresses.

3

Court not later than **August 20, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 30th day of July, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

4