**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **TAMOND THOMAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1594-HE** |
| | ) | |
| **UNITED STATES MARSHALS SERVICE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Tamond Thomas, a federal prisoner proceeding pro se, brings this action to allege violations of his civil rights. United States District Judge Joe Heaton referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons set forth below, the undersigned recommends that the Court dismiss the action without prejudice.

## I. Background

On July 8, 2026, the Court explained to Plaintiff that he needed to cure various deficiencies in his initiating documents. Doc. 8. When Plaintiff did not timely comply with the order to cure, the undersigned recommended dismissing the action without prejudice. Doc. 11. Thereafter, Plaintiff filed a notice of change of address together with additional filings. Doc. 17. The Court construed those filings as attempts to comply with the order to cure and allowed Plaintiff an additional opportunity to comply with the order to cure. *Id.*

In compliance with the order to cure, Plaintiff then filed an Amended Complaint, Doc. 18, and an application for leave to proceed in forma pauperis ("IFP"), Doc. 19. The Court declined to adopt the recommendation to dismiss the action and re-referred the matter to the undersigned. Doc. 20.

Upon review of the Amended Complaint and the application to proceed IFP, the undersigned issued a second order to cure informing Plaintiff that both documents needed to be cured. Doc. 21. Specifically:

1. The Court informed Plaintiff that his application to proceed IFP, Doc. 19, was incomplete and he must either (1) pay the required filing fee or (2) file an amended motion to proceed IFP using the Court's approved form and providing all required information.

2. Plaintiff's Amended Complaint, Doc. 18, referenced and attached several other documents. The Court informed Plaintiff it would not "sort through multiple documents and their attachments to piece together Plaintiff's claims." The Court also informed Plaintiff that his Amended Complaint did not provide proper notice to the named defendants or otherwise comply with Federal Rule of Civil Procedure 8, and ordered Plaintiff to file a second amended complaint.

Doc. 21 at 1-4.

The Court ordered Plaintiff to cure the deficiencies not later than October 14, 2026, and warned that failure to do so may result in dismissal of this action. *Id.* at 4. Staff notes on the Court's ECF docket indicate the Clerk of Court mailed the second order to cure and the appropriate forms to Plaintiff at his last known address. A review of the case docket indicates that, as of this date, Plaintiff has failed to comply with the second order to cure as he has not (1) either paid the filing fee or filed an amended application to proceed IFP,

or (2) filed a second amended complaint. Nor has he attempted to show good cause for his failure to comply or requested an extension of time in which to comply.

The docket further reflects that the Postmaster has returned the second order to cure and other documents back to the Court as undeliverable. Docs. 22, 23. A review of the docket reveals that, as of this date, Plaintiff has not notified the Court of a new address. Plaintiff is responsible for notifying the Court of any change of address, LCvR5.4(a), and "papers sent by the court will be deemed delivered if sent to the last known address given to the court." *Id.* (citation modified); *accord* Fed. R. Civ. P. 5(b)(2)(C); *see also Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) ("The parties . . . bear the burden of filing notice of a change of address [and] [t]he fact that [plaintiff] is acting pro se does not eliminate this burden.").

## II. <u>Failure to Comply with Orders and Rules</u>

A court has the inherent authority to manage its own affairs and may dismiss an action if the plaintiff "fails to prosecute or to comply with [the rules of civil procedure] or a court order," Fed. R. Civ. P. 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (interpreting Rule 41(b) to permit courts to dismiss actions sua sponte). A litigant's failure to comply with court orders leaves a court unable "to achieve the orderly and expeditious disposition of cases." *Id.* And Plaintiff's pro se status does not exempt him from "follow[ing] the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citation modified).

Plaintiff failed to comply with the Court's second order to cure and rules, as well as the Federal Rules of Civil Procedure. These failures, combined with the Court's inherent

power to manage judicial resources, warrant dismissal of this action without prejudice. *See U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("Dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." (citation modified)).

## III. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS the action without prejudice**. Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than **November 13, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 23rd day of October, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE